FILED
CLERK, U.S. DISTRICT COURT
1/18/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____VAV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:23-cr-00022-ODW |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 982: Criminal Forfeiture] |
| ROBERT ASLANYAN, | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 1349]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.  Bank of America was a financial institution that was insured by the Federal Deposit Insurance Company.

2.  Defendant ROBERT ASLANYAN was a resident of Tarzana, California.

B.  THE OBJECT OF THE CONSPIRACY

3.  Beginning no later than in or around May 2020 and continuing until at least in or around March 2021, in Los Angeles and Riverside Counties, within the Central District of California, and

elsewhere, defendant ASLANYAN conspired with Coconspirator 1 and others known and unknown to the United States Attorney, to commit bank fraud, in violation of Title 18, United States Code, Section 1344(2).

C.   MANNER AND MEANS OF THE CONSPIRACY

4.   The object of the conspiracy was carried out, and was to be carried out, in substance, as follows:

   a.   Defendant ASLANYAN and Coconspirator 1 acquired debit cards that were issued to identity theft victims, including identity theft victims who did not know defendant ASLANYAN or Coconspirator 1 (the "identity theft victims").

   b.   Defendant ASLANYAN and Coconspirator 1 assumed the identities of the identity theft victims to make fraudulent cash withdrawals (the "fraudulent cash withdrawals") from Automated Teller Machines ("ATMs") in Los Angeles and Riverside Counties, including at ATMs that Bank of America operated.

   c.   In making the fraudulent cash withdrawals, defendant ASLANYAN and Coconspirator 1 falsely represented to Bank of America that they were the identity theft victims and had authority to withdraw money from Bank of America using the debit cards issued to the identity theft victims.

   d.   The debit cards defendant ASLANYAN and Coconspirator 1 used to make the fraudulent cash withdrawals were linked to Bank of America accounts that were established by California Employment Development Department ("EDD") and were funded with unemployment insurance benefits that had been obtained in the names of the identity theft victims.

           e.   The coconspirators would call Bank of America and, falsely representing that they were the identity theft victims, activate the cards.

D. <u>OVERT ACTS</u>

5. In furtherance of the conspiracy, and to accomplish its object, defendant ASLANYAN committed and willfully caused others to commit, on or about the dates set forth below, the following overt acts, among others, within the Central District of California, and elsewhere:

<u>Overt Act No. 1</u>:   On July 6, 2020, defendant ASLANYAN, using an EDD debit card ending in 4139, issued in the name of victim Z.K., withdrew $1,000 from a Bank of America ATM in North Hollywood, California.

<u>Overt Act No. 2</u>:   On November 15, 2020, defendant ASLANYAN, using an EDD debit card ending in 3596, issued in the name of victim M.M., withdrew $1,000 from a Bank of America ATM in West Hollywood, California.

<u>Overt Act No. 3</u>:   On November 16, 2020, defendant ASLANYAN, using an EDD debit card ending in 0824, issued in the name of victim B.B., withdrew $1,000 from a Bank of America ATM in Canoga Park, California.

<u>Overt Act No. 4</u>:   On November 22, 2020, defendant ASLANYAN, using an EDD debit card ending in 0712, issued in the name of victim L.G., withdrew $1,000 from a Bank of America ATM in Reseda, California.

<u>Overt Act No. 5</u>:   On November 24, 2020, defendant ASLANYAN possessed 17 fraudulent EDD debit cards, including cards issued in the names of victims L.G., J.F., M.M., and B.B., and $24,953 in

United States currency, at least a portion of which represented fraudulently obtained unemployment insurance benefits, in Sherman Oaks, California.

<u>Overt Act No. 6</u>:   On December 8, 2020, defendant ASLANYAN, using an EDD debit card ending in 0370, issued in the name of victim A.Ru., withdrew $1,000 from a Bank of America ATM in Tarzana, California.

COUNT TWO

[18 U.S.C. §§ 1344(2), 2]

6. The United States Attorney re-alleges paragraphs 1, 3, and 4 of this Information here.

A. <u>THE SCHEME TO DEFRAUD</u>

7. Beginning on a date unknown to the United States Attorney, but no later than in or around May 2020, and continuing until in or around March 2021, in Los Angeles and Riverside Counties, within the Central District of California, and elsewhere, defendant ROBERT ASLANYAN, together with others known and unknown to the United States Attorney, knowingly and with intent to defraud, devised, participated in, and executed a scheme to obtain moneys, funds, credits, assets, and other property owned by and in the custody and control of federally-insured financial institutions by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

8. The fraudulent scheme operated and was carried out, in substance, as described in paragraph 3 of this Information.

B. <u>EXECUTION OF THE SCHEME</u>

9. On or about September 20, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant ASLANYAN, together with others known and unknown to the United States Attorney, aiding and abetting each other, committed and willfully caused others to commit an act which constituted an execution of the fraudulent scheme, specifically the use of an EDD debit card ending in 9218, issued in the name of J.F., to withdraw $1,000 from a Bank of America ATM in West Hollywood, California.

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of defendant's conviction of the offenses set forth in any of Counts One through Two of this Information.

2.   Defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

*Christina Shy for SMG*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Major Frauds Section

GREGORY BERNSTEIN
Assistant United States Attorney
Major Frauds Section

HAVA MIRELL
Assistant United States Attorney
General Crimes Section