**FILED**
CLERK, U.S. DISTRICT COURT

1/18/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ VAV _____ DEPUTY

1  E. MARTINE ESTRADA
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   GREGORY BERNSTEIN (Cal. Bar No. 299204)
4  HAVA MIRELL (Cal. Bar No. 311098)
   Assistant United States Attorneys
5      1100 United States Courthouse
       312 North Spring Street
6      Los Angeles, California
       Telephone: 213-894-3183
7      Email:    Gregory.Bernstein@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

9

10                 UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. CR **2:23-cr-00022-ODW**

13          Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
                                       ROBERT ASLANYAN
14                 v.

15  Robert Aslanyan,

16          Defendant.

17      1.    This constitutes the plea agreement between Robert

18  Aslanyan ("defendant") and the United States Attorney's Office for

19  the Central District of California (the "USAO") in the above-

20  captioned case related to the investigation into defendant's scheme

21  to fraudulently-obtain unemployment insurance benefits, described in

22  the factual basis section below. This agreement is limited to the

23  USAO and cannot bind any other federal, state, local, or foreign

24  prosecuting, enforcement, administrative, or regulatory authorities.

25                      DEFENDANT'S OBLIGATIONS

26      2.    Defendant agrees to:

27          a.    Give up the right to indictment by a grand jury and,

28  at the earliest opportunity requested by the USAO and provided by

                              1

the Court, appear and plead guilty to an information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant in count one with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; and in count two with bank fraud, in violation of 18 U.S.C. 1344(2).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime. However, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a

guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012. Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j. Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k. Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

3. Defendant further agrees:

a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to,

i. 87 gold bars and coins seized from defendant's home on or about July 21, 2022.

b. To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the assets.

c. That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

1        d.    To take whatever steps are necessary to pass to the

2   United States clear title to the Forfeitable Property, including,

3   without limitation, the execution of a consent decree of forfeiture

4   and the completing of any other legal documents required for the

5   transfer of title to the United States.

6        e.    Not to contest any administrative forfeiture

7   proceedings or civil judicial proceedings commenced against the

8   Forfeitable Property. If defendant submitted a claim and/or petition

9   for remission for all or part of the Forfeitable Property on behalf

10  of himself or any other individual or entity, defendant shall and

11  hereby does withdraw any such claims or petitions, and further

12  agrees to waive any right he may have to seek remission or

13  mitigation of the forfeiture of the Forfeitable Property. Defendant

14  further waives any and all notice requirements of 18 U.S.C.

15  § 983(a)(1)(A).

16       f.    Not to assist any other individual in any effort

17  falsely to contest the forfeiture of the Forfeitable Property.

18       g.    Not to claim that reasonable cause to seize the

19  Forfeitable Property was lacking.

20       h.    To prevent the transfer, sale, destruction, or loss

21  of the Forfeitable Property to the extent defendant has the ability

22  to do so.

23       i.    That forfeiture of Forfeitable Property shall not be

24  counted toward satisfaction of any special assessment, fine,

25  restitution, costs, or other penalty the Court may impose, except

26  that the Attorney General or its designee, the Money Laundering and

27  Asset Recovery Section of the Department of Justice, may, in its

28

sole discretion, approve a restoration petition to have the Forfeitable Property applied to the restitution award.

j.    With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment. Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty pleas.

<u>THE USAO'S OBLIGATIONS</u>

4.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the Court does not depart downward in offense level or criminal history category.

1            d.    At the time of sentencing, provided that defendant

2   demonstrates an acceptance of responsibility for the offenses up to

3   and including the time of sentencing, recommend a two-level

4   reduction in the applicable Sentencing Guidelines offense level,

5   pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move

6   for an additional one-level reduction if available under that

7   section.

8            e.    Except for criminal tax violations (including

9   conspiracy to commit such violations chargeable under 18 U.S.C.

10  § 371), not further criminally prosecute defendant for violations of

11  18 U.S.C. §§ 1001, 1014, 1028, 1028A, 1029, 1341, 1343, 1344, 1956,

12  or 1957 arising out of defendant's conduct described in the agreed-

13  to factual basis set forth in this agreement. Defendant understands

14  that the USAO is free to criminally prosecute defendant for any

15  other unlawful past conduct or any unlawful conduct that occurs

16  after the date of this agreement. Defendant agrees that at the time

17  of sentencing the Court may consider the uncharged conduct in

18  determining the applicable Sentencing Guidelines range, the

19  propriety and extent of any departure from that range, and the

20  sentence to be imposed after consideration of the Sentencing

21  Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

22                      NATURE OF THE OFFENSE

23  5.    Defendant understands that for defendant to be guilty of

24  the crime charged in count one, that is, conspiracy to commit bank

25  fraud, in violation of 18 U.S.C. § 1349, the following must be true:

26  First, there was an agreement between two or more persons to commit

27  bank fraud, in violation of 18 U.S.C. § 1344. Second, the defendant

28

1  became a member of the conspiracy knowing of its object and

2  intending to help accomplish it.

3       6.     Defendant understands that for defendant to be guilty of

4  the crime that is the object of the conspiracy charged in count one

5  and is itself the crime charged in count two, that is, bank fraud,

6  in violation of 18 U.S.C. 1344(2), the following must be true:

7  First, defendant knowingly devised a plan or scheme to obtain money

8  or property from the financial institution specified in the

9  indictment by false promises or statements. Second, the promises or

10 statements were material, that is, they had a natural tendency to

11 influence, or were capable of influencing, a financial institution

12 to part with money or property. Third, defendant acted with the

13 intent to defraud. Fourth, the financial institution was federally

14 chartered or insured. A defendant's belief that the victims of the

15 fraud will be paid in the future or will sustain no economic loss is

16 no defense to the crime.

17                      PENALTIES AND RESTITUTION

18      7.     Defendant understands that the statutory maximum sentence

19 that the Court can impose for a violation of 18 U.S.C. § 1349 as

20 charged in count one is: 30 years' imprisonment; a five-year period

21 of supervised release; a fine of $1,000,000 or twice the gross gain

22 or gross loss resulting from the offense, whichever is greatest; and

23 a mandatory special assessment of $100.

24      8.     Defendant understands that the statutory maximum sentence

25 that the Court can impose for a violation of 18 U.S.C. § 1344(2) is:

26 30 years' imprisonment; a five-year period of supervised release; a

27 fine of $1,000,000 or twice the gross gain or gross loss resulting

28

1   from the offense, whichever is greatest; and a mandatory special
2   assessment of $100.

3       9.   Defendant understands, therefore, that the total maximum
4   sentence for all offenses to which defendant is pleading guilty is:
5   60 years' imprisonment, a three-year period of supervised release, a
6   fine of $2,000,000 or twice the gross gain or gross loss resulting
7   from the offenses, whichever is greatest, and a mandatory special
8   assessment of $200.

9       10.  Defendant understands that defendant will be required to
10  pay full restitution to the victims of the offenses to which
11  defendant is pleading guilty. Defendant agrees that, in return for
12  the USAO's compliance with its obligations under this agreement, the
13  Court may order restitution to persons other than the victims of the
14  offense to which defendant is pleading guilty and in amounts greater
15  than those alleged in the count to which defendant is pleading
16  guilty. In particular, defendant agrees that the Court may order
17  restitution to any victim of any of the following for any losses
18  suffered by that victim as a result: (a) any relevant conduct, as
19  defined in U.S.S.G. § 1B1.3, in connection with the offense to which
20  defendant is pleading guilty; and (b) any counts dismissed and
21  charges not prosecuted pursuant to this agreement as well as all
22  relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with
23  those counts and charges. The parties currently believe that the
24  applicable amount of restitution is approximately **$632,800**, but
25  recognize and agree that this amount could change based on facts
26  that come to the attention of the parties prior to sentencing.

27      11.  Defendant understands that supervised release is a period
28  of time following imprisonment during which defendant will be

subject to various restrictions and requirements. Defendant
understands that if defendant violates one or more of the conditions
of any supervised release imposed, defendant may be returned to
prison for all or part of the term of supervised release authorized
by statute for the offense that resulted in the term of supervised
release, which could result in defendant serving a total term of
imprisonment greater than the statutory maximum stated above.

12.   Defendant understands that, by pleading guilty, defendant
may be giving up valuable government benefits and valuable civic
rights, such as the right to vote, the right to possess a firearm,
the right to hold office, and the right to serve on a jury.
Defendant understands that he is pleading guilty to felony offenses
and that it is a federal crime for a convicted felon to possess a
firearm or ammunition. Defendant understands that the convictions in
this case may also subject defendant to various other collateral
consequences, including but not limited to revocation of probation,
parole, or supervised release in another case and suspension or
revocation of a professional license. Defendant understands that
unanticipated collateral consequences will not serve as grounds to
withdraw defendant's guilty pleas.

13.   Defendant and his counsel have discussed the fact that,
and defendant understands that, if defendant is not a United States
citizen, the convictions in this case makes it practically
inevitable and a virtual certainty that defendant will be removed or
deported from the United States. Defendant may also be denied United
States citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay

1  removal, removal is presumptively mandatory and a virtual certainty

2  in this case. Defendant further understands that removal and

3  immigration consequences are the subject of a separate proceeding

4  and that no one, including his attorney or the Court, can predict to

5  an absolute certainty the effect of his convictions on his

6  immigration status. Defendant nevertheless affirms that he wants to

7  plead guilty regardless of any immigration consequences that his

8  pleas may entail, even if the consequence is automatic removal from

9  the United States.

10                            FACTUAL BASIS

11       14.  Defendant admits that defendant is, in fact, guilty of the

12  offenses to which defendant is agreeing to plead guilty. Defendant

13  and the USAO agree to the statement of facts provided below and

14  agree that this statement of facts is sufficient to support the

15  pleas of guilty to the charges described in this agreement and to

16  establish the Sentencing Guidelines factors set forth in paragraph

17  16 below, but is not meant to be a complete recitation of all facts

18  relevant to the underlying criminal conduct or all facts known to

19  either party that relate to that conduct.

20       Beginning no later than May 2020 and continuing until at least

21  March 2021, in Los Angeles and Riverside Counties, within the

22  Central District of California, defendant and Coconspirator 1

23  conspired with one another to commit bank fraud, in violation of 18

24  U.S.C. § 1344(2).

25       During that same time, in Los Angeles and Riverside Counties,

26  defendant, together with others, knowingly and with intent to

27  defraud, devised, participated in, and executed a scheme to obtain

28  moneys, funds, credits, assets, and other property owned by and in

1  the custody and control of federally-insured financial institutions,

2  including Bank of America, by means of material false and fraudulent

3  pretenses, representations, and promises, and the concealment of

4  material facts. Specifically, on or about September 20, 2020, in Los

5  Angeles County, defendant used a California Employment Development

6  Department ("EDD") debit card ending in 9218, issued in the name of

7  J.F., to fraudulently withdraw $1,000 from a Bank of America

8  Automated Teller Machine ("ATM") in West Hollywood, California.

9      To carry out the conspiracy and scheme to defraud, defendant

10  and Coconspirator 1 acquired debit cards that were issued to

11  identity theft victims, including identity theft victims who did not

12  know defendant or Coconspirator 1 (the "identity theft victims").

13  Defendant and Coconspirator 1 then fraudulently assumed the

14  identities of the identity theft victims to make cash withdrawals

15  (the "fraudulent cash withdrawals") from ATMs in Los Angeles and

16  Riverside Counties, including at ATMs that Bank of America operated.

17      In making the fraudulent cash withdrawals, defendant and

18  Coconspirator 1 falsely represented to Bank of America that they

19  were the identity theft victims and had authority to withdraw money

20  from Bank of America using the debit cards issued to the identity

21  theft victims. The debit cards defendant and Coconspirator 1 used to

22  make the fraudulent cash withdrawals were, in fact, EDD cards that

23  were loaded with unemployment insurance ("UI") benefits that had

24  been fraudulently obtained in the names of the identity theft

25  victims.

26      For instance, in furtherance of the conspiracy, and to

27  accomplish its objects, defendant and Coconspirator 1 committed and

28

11

willfully caused others to commit the following overt acts, among others:

- On July 6, 2020, defendant, using an EDD debit card ending in 4139, issued in the name of victim Z.K., withdrew $1,000 from a Bank of America ATM in North Hollywood, California.
- On November 15, 2020, defendant, using an EDD debit card ending in 3596, issued in the name of victim M.M., withdrew $1,000 from a Bank of America ATM in West Hollywood, California.
- On November 16, 2020, defendant, using an EDD debit card ending in 0824, issued in the name of victim B.B., withdrew $1,000 from a Bank of America ATM in Canoga Park, California.
- On November 22, 2020, defendant, using an EDD debit card ending in 0712, issued in the name of victim L.G., withdrew $1,000 from a Bank of America ATM in Reseda, California.
- On November 24, 2020, defendant possessed 17 fraudulent EDD debit cards, including cards issued in the names of victims L.G., J.F., M.M., and B.B., and $24,953 in United States currency, at least a portion of which represented fraudulent proceeds from the EDD scheme, in Sherman Oaks, California.
- On December 8, 2020, defendant, using an EDD debit card ending in 0370, issued in the name of victim A.Ru., withdrew $1,000 from a Bank of America ATM in Tarzana, California.

In total, defendant made and caused fraudulent withdrawals from at least 44 EDD debit cards that were loaded with $1,115,850 in fraudulently obtained UI benefits. With the specific intent to defraud Bank of America, defendant made, caused, and participated in withdrawals of $632,800 from those 44 EDD debit cards.

SENTENCING FACTORS

15.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable

Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

16. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base offense level: | 7 | U.S.S.G. § 2B1.1(a) |
| Loss of between $550,000 and $1.5 million: | +14 | U.S.S.G. § 2B1.1(b)(1)(H) |
| 10 or more victims: | +2 | U.S.S.G. § 2B1.1(b)(2)(A)(i) |

Defendant and the USAO agree not to argue for additional specific offense characteristics, adjustments, or departures under the Sentencing Guidelines.

17. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

1         a.    The right to persist in a plea of not guilty.

2         b.    The right to a speedy and public trial by jury.

3         c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

         d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

         e.    The right to confront and cross-examine witnesses against defendant.

         f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

         g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

         h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF RETURN OF DIGITAL DATA</u>

20.  Understanding that the government has in its possession digital devices and/or digital media seized in connection with this case, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data

1  from those digital devices and/or digital media before they are

2  returned to defendant.

3  <u>WAIVER OF APPEAL OF CONVICTION</u>

4  21.  Defendant understands that, with the exception of an

5  appeal based on a claim that defendant's guilty pleas were

6  involuntary, by pleading guilty defendant is waiving and giving up

7  any right to appeal defendant's convictions on the offenses to which

8  defendant is pleading guilty. Defendant understands that this waiver

9  includes, but is not limited to, arguments that the statutes to

10 which defendant is pleading guilty are unconstitutional, and any and

11 all claims that the statement of facts provided herein is

12 insufficient to support defendant's pleas of guilty.

13 <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

14 22.  Defendant agrees that, provided the Court imposes a term

15 of imprisonment within or below the range corresponding to an

16 offense level of **23** and the criminal history category calculated by

17 the Court, defendant gives up the right to appeal all of the

18 following: (a) the procedures and calculations used to determine and

19 impose any portion of the sentence; (b) the term of imprisonment

20 imposed by the Court; (c) the fine imposed by the Court, provided it

21 is within the statutory maximum; (d) to the extent permitted by law,

22 the constitutionality or legality of defendant's sentence, provided

23 it is within the statutory maximum; (e) the amount and terms of any

24 restitution order, provided it requires payment of no more than

25 **$632,800**; (f) the term of probation or supervised release imposed by

26 the Court, provided it is within the statutory maximum; and (g) any

27 of the following conditions of probation or supervised release

28 imposed by the Court: the conditions set forth in Second Amended

15

General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of **20** and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

WAIVER OF COLLATERAL ATTACK

24. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

RESULT OF WITHDRAWAL OF GUILTY PLEA

25. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its

16

1  obligations under this agreement; and (b) should the USAO choose to

2  pursue any charge that was either dismissed or not filed as a result

3  of this agreement, then (i) any applicable statute of limitations

4  will be tolled between the date of defendant's signing of this

5  agreement and the filing commencing any such action; and

6  (ii) defendant waives and gives up all defenses based on the statute

7  of limitations, any claim of pre-indictment delay, or any speedy

8  trial claim with respect to any such action, except to the extent

9  that such defenses existed as of the date of defendant's signing

10 this agreement.

11                  RESULT OF VACATUR, REVERSAL OR SET-ASIDE

12      26.  Defendant agrees that if any count of conviction is

13 vacated, reversed, or set aside, the USAO may: (a) ask the Court to

14 resentence defendant on any remaining counts of conviction, with

15 both the USAO and defendant being released from any stipulations

16 regarding sentencing contained in this agreement, (b) ask the Court

17 to void the entire plea agreement and vacate defendant's guilty

18 pleas on any remaining counts of conviction, with both the USAO and

19 defendant being released from all their obligations under this

20 agreement, or (c) leave defendant's remaining convictions, sentence,

21 and plea agreement intact. Defendant agrees that the choice among

22 these three options rests in the exclusive discretion of the USAO.

23                     EFFECTIVE DATE OF AGREEMENT

24      27.  This agreement is effective upon signature and execution

25 of all required certifications by defendant, defendant's counsel,

26 and an Assistant United States Attorney.

27

28

1                           BREACH OF AGREEMENT

2       28.  Defendant agrees that if defendant, at any time after the

3  effective date of this Agreement, knowingly violates or fails to

4  perform any of defendant's obligations under this agreement ("a

5  breach"), the USAO may declare this agreement breached. All of

6  defendant's obligations are material, a single breach of this

7  agreement is sufficient for the USAO to declare a breach, and

8  defendant shall not be deemed to have cured a breach without the

9  express agreement of the USAO in writing. If the USAO declares this

10 agreement breached, and the Court finds such a breach to have

11 occurred, then: (a) if defendant has previously entered guilty pleas

12 pursuant to this agreement, defendant will not be able to withdraw

13 the guilty pleas, and (b) the USAO will be relieved of all its

14 obligations under this agreement.

15      29.  Following the Court's finding of a knowing breach of this

16 agreement by defendant, should the USAO choose to pursue any charge

17 that was either dismissed or not filed as a result of this

18 agreement, then:

19           a.   Defendant agrees that any applicable statute of

20 limitations is tolled between the date of defendant's signing of

21 this agreement and the filing commencing any such action.

22           b.   Defendant waives and gives up all defenses based on

23 the statute of limitations, any claim of pre-indictment delay, or

24 any speedy trial claim with respect to any such action, except to

25 the extent that such defenses existed as of the date of defendant's

26 signing this agreement.

27           c.   Defendant agrees that: (i) any statements made by

28 defendant, under oath, at the guilty plea hearing (if such a hearing

1  occurred prior to the breach); (ii) the agreed to factual basis
2  statement in this agreement; and (iii) any evidence derived from
3  such statements, shall be admissible against defendant in any such
4  action against defendant, and defendant waives and gives up any
5  claim under the United States Constitution, any statute, Rule 410 of
6  the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
7  Criminal Procedure, or any other federal rule, that the statements
8  or any evidence derived from the statements should be suppressed or
9  are inadmissible.

10  <u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

11  <u>OFFICE NOT PARTIES</u>

12      30.  Defendant understands that the Court and the United States
13  Probation and Pretrial Services Office are not parties to this
14  agreement and need not accept any of the USAO's sentencing
15  recommendations or the parties' agreements to facts or sentencing
16  factors.

17      31.  Defendant understands that both defendant and the USAO are
18  free to: (a) supplement the facts by supplying relevant information
19  to the United States Probation and Pretrial Services Office and the
20  Court, (b) correct any and all factual misstatements relating to the
21  Court's Sentencing Guidelines calculations and determination of
22  sentence, and (c) argue on appeal and collateral review that the
23  Court's Sentencing Guidelines calculations and the sentence it
24  chooses to impose are not error, although each party agrees to
25  maintain its view that the calculations in paragraph 16 are
26  consistent with the facts of this case. While this paragraph permits
27  both the USAO and defendant to submit full and complete factual
28  information to the United States Probation and Pretrial Services

19

1  Office and the Court, even if that factual information may be viewed

2  as inconsistent with the facts agreed to in this agreement, this

3  paragraph does not affect defendant's and the USAO's obligations not

4  to contest the facts agreed to in this agreement.

5      32.  Defendant understands that even if the Court ignores any

6  sentencing recommendation, finds facts or reaches conclusions

7  different from those agreed to, and/or imposes any sentence up to

8  the maximum established by statute, defendant cannot, for that

9  reason, withdraw defendant's guilty pleas, and defendant will remain

10  bound to fulfill all defendant's obligations under this agreement.

11  Defendant understands that no one -- not the prosecutor, defendant's

12  attorney, or the Court -- can make a binding prediction or promise

13  regarding the sentence defendant will receive, except that it will

14  be within the statutory maximum.

15                    NO ADDITIONAL AGREEMENTS

16      33.  Defendant understands that, except as set forth herein,

17  there are no promises, understandings, or agreements between the

18  USAO and defendant or defendant's attorney, and that no additional

19  promise, understanding, or agreement may be entered into unless in a

20  writing signed by all parties or on the record in court.

21

22

23

24

25

26

27

28

1            PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2     34.  The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF

7 CALIFORNIA

8 E. MARTIN ESTRADA
United States Attorney

9                                                           1/11/23

10 _____      _____

11 GREGORY BERNSTEIN              Date
HAVA MIRELL

    Assistant United States Attorneys

12

13 _____      _____1/9/23_____

Robert Aslanyan             Date

14 Defendant

15 _____      _____1/9/23_____

George Mgdesyan            Date

16 Attorney for Defendant
Robert Aslanyan

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          Date _1/9/23_____
Robert Aslanyan
Defendant

1                 CERTIFICATION OF DEFENDANT'S ATTORNEY

2      I am Robert Aslanyan's attorney. I have carefully and

3 thoroughly discussed every part of this agreement with my client.

4 Further, I have fully advised my client of his rights, of possible

5 pretrial motions that might be filed, of possible defenses that

6 might be asserted either prior to or at trial, of the sentencing

7 factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

8 Guidelines provisions, and of the consequences of entering into this

9 agreement. To my knowledge: no promises, inducements, or

10 representations of any kind have been made to my client other than

11 those contained in this agreement; no one has threatened or forced

12 my client in any way to enter into this agreement; my client's

13 decision to enter into this agreement is an informed and voluntary

14 one; and the factual basis set forth in this agreement is sufficient

15 to support my client's entry of guilty pleas pursuant to this

16 agreement.

17

18 _____       Date  1/9/23
   George Mgdesyan

19 Attorney for Defendant
   Robert Aslanyan

20

21

22

23

24

25

26

27

28